UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND, a voluntary
unincorporated trust,

        Plaintiff,

-vs-
                                      Case No.
                                      Hon.

L & R PAINTING LLC., a Michigan
limited liability company and
L & R PAINTING CONTRACTORS LLC,
a Michigan limited liability company,
jointly and severally,

        Defendants.
_____/
MARK MERLANTI (P35804)
FINKEL, WHITEFIELD, SELIK,
Attorneys for Plaintiff
32300 Northwestern Highway, #200
Farmington Hills, Michigan 48334-1567
248/855-6500
mmerlanti@fwslaw.com
_____/

**COMPLAINT**

Plaintiffs, by and through its attorneys, FINKEL, WHITEFIELD, SELIK, complain against Defendants as follows:

1

1. Plaintiff is a voluntary, unincorporated trust, having a principal place of business in Southfield, Oakland County, Michigan.

2. Defendant, L & R Painting, LLC ("L&R Painting") is a Michigan limited liability corporation with its principal place of business and registered office at 244 Whims Lane Rochester, MI 48306 and is an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185 (hereinafter "the Act").

3. Defendant, L & R Painting Contractors LLC ("L & R Painting Contractors") is a dissolved Michigan LLC, which has or had its principal place of business and registered office at 244 Whims Lane Rochester, MI 48306 and is or was an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185 (hereinafter "the Act").

4. On information and belief, Rajko Ljuljdjurovic ("Ljuljdjurovic"), at all times relevant hereto, was a member, operating officer and/or manager of Defendant, L & R Painting Contractors and had knowledge of and/or directed the operations of said Defendant, including the submission of information required to be provided to the Plaintiff under the above referenced CBA, including monthly payroll reports.

5. On information and belief, Ljuljdjurovic at all times relevant hereto, was a member, operating officer and/or manager of Defendant, L & R Painting and had knowledge of and/or directed the operations of said Defendant, including the submission of information required to be provided to the Plaintiff under the above referenced CBA, including monthly payroll reports.

6. Jurisdiction of this Court is predicated on Section 301 of the Act, this being a suit for violation of a contract between an employer and labor organization representing employees in an industry affecting interstate commerce. Jurisdiction of this Court is further predicated on Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132, 1145 (hereinafter "ERISA"), this being a civil suit on behalf of named fiduciaries to enforce Defendants' obligations under the terms and conditions of a certain collective bargaining agreement and pension and employee benefit plan documents, and to enjoin certain acts and practices of Defendants which violate the terms and conditions thereof.

7. On February 9, 2016, Defendant L & R Painting Contractors entered into a collective bargaining agreement (CBA) with Painters District Council 1M of the International Brotherhood of Painters and Allied Trades (AFL-CIO), hereinafter "the Painters Union". A copy of the CBA is attached as **Exhibit A**.

8. Following the execution of the CBA, Defendant, L & R Painting Contractors, submitted some but not all required monthly payroll reports to the Plaintiff.

9. On information and belief, those monthly payroll reports were prepared by and/or at the direction of Ljuljdjurovic and were signed by Ljuljdjurovic.

10. On February 4, 2020, Ljuljdjurovic formed Defendant, L & R Painting.

11. On information and belief, in or about January 2021, Defendant, L & R Painting Contractors ceased operations.

12. On information and belief and some or all of the operations of Defendant L & R Painting Contractors were assumed by Defendant, L & R Painting, including projects which required the use of members of District Council 1M.

13. Neither Defendant, L & R Painting or Defendant, L & R Painting Contractors advised District Council 1M or the Plaintiff that Defendant, L & R Painting Contractors ceased operations and/or that Defendant, L & R Painting assumed some or all of those operations.

14. In or about January 2021, Defendant, L & R Painting began submitting monthly payroll reports to Plaintiff.

15. On information and belief, those monthly payroll reports were prepared by and/or at the direction of Ljuljdjurovic.

16. Plaintiff conducted a payroll audit of Defendants, conducted on March 16, 2021.

17. Neither Defendant produced complete records at that audit.

18. At that time, Ljuljdjurovic advised the Plaintiff's Auditor that Defendant, L & R Painting Contractors ceased operations in or about December 2020 and that Defendant, L & R Painting commenced operations at that time.

19. At that time, Ljuljdjurovic agreed to provide additional records to Plaintiff, regarding both Defendant, L & R Painting Contractors and Defendant, L & R Painting.

20. Subsequently, on April 13, 2021, counsel for Plaintiff sent correspondence to the registered office of both Defendants, requesting a comprehensive audit of both Defendants.

21. Plaintiff attempted to conduct that comprehensive audit at the offices of the Defendants on May 14, 2021. Defendants, however, did not produce the required records, pursuant to which Plaintiff sent Defendants correspondence requesting additional records on that date.

22. Defendants failed to produce those records.

23. On information and belief, and pursuant to the above described

activities, Defendant, L & R Painting, is the legal successor to and/or is an alter ego of Defendant, L & R Painting Contractors, and as such, is subject to the CBA.

24. On information and belief, Defendant, L & R Painting, has not submitted payroll reports to the Plaintiff regarding all employees who worked on projects covered by the CBA, including projects which required the use of members of District Council 1M.

25. Under the CBA, the Defendants were and/or became obligated to make periodic payments to Plaintiff for various employee benefit funds established under the collective bargaining agreement. A portion of these payments represented a portion of wages earned by the employees of either or both of the Defendants who work within the jurisdiction of the Painters Union.

26. Pursuant to the above-referenced collective bargaining agreement, Plaintiffs are a collection fund created to coordinate the activities of the various employee benefit funds on behalf of the Painters Union, including, but not limited to the collection of contributions thereto and the prosecution of delinquencies. Plaintiffs are a third-party beneficiary of the collective bargaining agreement.

27. The collective bargaining agreement and employee benefit fund trust agreements, adopted by reference therein, require the Defendants to submit monthly reports, which indicate the amount of contributions that said Defendants are

obligated to pay, and further require that all payments to the various fringe benefit funds be made on a timely basis. Said agreement further provides for the assessment of liquidated damages in the event payment is not made on a timely basis.

28. Pursuant to Article XX of the collective bargaining agreement, the Defendants are required to submit their books and records to Plaintiffs for regular audits to ascertain whether said Defendants complied with their respective obligation to pay fringe benefit contributions for hours worked by its employees.

29. Although Plaintiff requested access to the books and records of the Defendants for the purpose of conducting a comprehensive audit, Defendants have willfully ignored Plaintiffs requests as above-described and have otherwise refused to permit Plaintiffs to conduct a comprehensive audit, as Plaintiff is authorized to do under the CBA for the period of April 1, 2019 to present.

30. Defendants are indebted to Plaintiffs for fringe benefit contributions and liquidated damages from April 1, 2019. The total amount of fringe benefit contributions owed to Plaintiffs for this period cannot be determined because the Defendants have refused to submit the company books and records for review by a representative of Plaintiffs.

31. Ljuljdjurovic, as the member, manager and principal of Defendants, having knowledge of and/or having directed the operations of said Defendant,

including the submission of information required to be provided to the Plaintiff under the above referenced CBA, including monthly payroll reports, as above described, is personally liable for all amounts owed to the extent he knowingly caused Defendants or either Defendant, to willfully fail to comply with its obligations under the CBA, for the diversion and/or improper use of funds owed to the Plaintiff or other fraudulent acts.

32. The Defendants have failed and refused to pay these sums and otherwise comply with the provisions of the collective bargaining agreement, relating to the payment of fringe benefit contributions.

33. Defendants have further acted in concert to breach the obligations of the business entity to pay contributions to the Funds and to divert money paid to Defendants to be held in trust for the Funds.

34. The persistent flaunting of Defendants' individual and/or collective contractual and statutory obligations to submit contribution reports and pay contributions in a timely manner, constitutes willful dereliction of said Defendants' individual and/or collective obligations. Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

35. The actions of Defendants as described above, threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income which could be realized if said Defendants' individual and/or collective fringe benefit contributions were remitted in a timely fashion.

36. The actions of Defendants as described above constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining said Defendants' activities.

37. The Funds have diligently requested Defendants to submit contribution reports and pay contributions in a timely manner and to otherwise comply with their individual and/or collective obligations so as not to impair the rights of the Funds and their participants and beneficiaries, but Defendants continue to violate their individual and/or collective contractual and statutory obligations to the detriment of the Funds and their participants and beneficiaries.

38. Under Section 502 of ERISA, 29 U.S.C. §1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the Court shall award the greater of interest or liquidated damages provided for by the funds, in an amount not be exceed twenty

percent of the unpaid contributions.

39. Under Section 502 of ERISA, 29 U.S.C. §1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, "the court shall award . . . reasonable attorney fees and costs of the action, to be paid by the defendant", as well as interest on the unpaid contributions pursuant to statute.

40. Defendants, individually and/or collectively, may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, and engaged in misconduct which includes converting money paid to either of the Defendants for the purpose of paying fringe benefit contributions to the Funds, retaining money required to be held in trust under the Michigan Builders Trust Fund Act, M.C.L.A. §§ 570.151-53 for the benefit of the employees of the Defendants, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by the employees of the Defendants and intentionally engaging in a scheme to deprive the Funds of money owing to them.

41. On information and belief, as officer, owner and person who makes decisions with respect to the Defendants' individual and/or collective compliance with their obligations to the Funds, and who operates the business entity as alter ego

of himself for his benefit, special circumstances exist to dictate that the Ljuljdjurovic maintains responsibility for the business entity's compliance with its obligations to the Funds, on the basis he is an alter ego of the business entity, and he, with fraudulent intent improperly diverted money which the business entity and any other entity composing either Defendant, was required to hold in trust for payment of fringe benefit contributions to the Funds under the Michigan Builders Trust Fund Act, M.C.L.A. §§570.151-53, 29 C.F.R. §2510.3-102 and ERISA, exclusive of other reasons which may independently dictate that he maintains responsibility for the Defendants' compliance with their obligations to the Funds.

  42. On information and belief, Ljuljdjurovic is a fiduciary of the Funds as a result of his exercise of authority or control over unpaid fringe benefit contributions that constitute assets of the Funds. On information and belief, Ljuljdjurovic breached his fiduciary duties to the Funds by electing to use money within his authority or control for purposes other than paying required fringe benefit contributions to the Funds.

  WHEREFORE, Plaintiffs pray:

  A. That this Court order Defendant L&R Painting Contractors LLC and Defendant, L & R Painting LLC, to produce its books and records forthwith for a comprehensive audit;

B. That this Court enter judgment against Defendants and in favor of Plaintiffs in the amounts that are determined to be the correct amounts owing by Defendants, plus interest for each delinquent monthly contribution, costs and attorney fees incurred by Plaintiffs in the preparation, institution and prosecution of this proceeding;

C. That this Court decree specific performance of the trust provision and collective bargaining agreement obligations of Defendants;

D. That this Court grant such other and further relief as may be deemed appropriate.

FINKEL, WHITEFIELD, SELIK,

/s/ *Mark Merlanti*
MARK MERLANTI
Attorneys for Plaintiff
32300 Northwestern, Suite 200
Farmington Hills, MI 48334-1567
(248) 855-6500

Dated: August 2, 2021

S:\61025.354\2021 COMPLAINT.DOCX